IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

     v.                                                           No. 12-CR-2222 WJ

ANTONIO GUTIERREZ,

       Defendant.

## **MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF TRADE INSCRIPTIONS**

THIS MATTER comes before the Court upon the Government's Motion in Limine Regarding Admissibility of Trade Inscriptions, filed April 22, 2013 **(Doc. 42)**.   Having reviewed the parties' briefs and applicable law, I find that the motion is well-taken and shall be granted.

### BACKGROUND

A Federal Grand Jury, sitting in New Mexico, indicted the Defendant, Antonio Gutierrez, with three (3) counts of Production of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. " 2251(a) and 2256.   In this motion, the Government moves to admit three items, all of which bear some kind of trade inscriptions indicating that the items were manufactured in a country outside of the U.S., namely: a Samsung digital camera, an internal Hitachi hard drive, and a Kyocera cellular telephone.   In this case, the Government must prove, among other things, that the listed visual depictions were "produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce" for purposes of possession.   18 U.S.C. §2251(a).

Under Fed.R.Evid. 902, extrinsic evidence of authenticity is not required for trade inscriptions "and the like" as a condition precedent to admissibility. Defendant does not specifically challenge the need for extrinsic evidence to prove authenticity, but instead bases his objection on hearsay grounds, contending that he has the right to confrontation and to cross-examine a witness with knowledge of the origin and capability of the equipment in question. Defendant challenges some of the cases cited by the Government on the basis that they were decided before the United States Supreme Court decided *Crawford v. Washington,* 541 U.S. 36 (2004), which held that admission of a statement of a non-testifying witness violated a defendant's confrontation rights. Thus, the Court considers more closely those cases cited by the Government which were decided after *Crawford*. However, Defendant raises no arguments which vitiate the relevance of those cases.

For example, notes that *U.S. v. Alvarez,* 972 F.2d 1000, 1004 (9th Cir. 1992) was overruled on other grounds. *Alvarez* held that the manufacturer's inscription on a firearm, "Garnika, Spain," was not subject to the hearsay rule because the trademark inscription was "mechanical trace" and not a statement or assertion subject to the hearsay rule. The court also noted that Rule 902(7) did not require extrinsic evidence of authenticity for inscriptions, signs, tags or labels which indicate workmanship, control or origin. 972 F.2d at 1004. The Ninth Circuit held that the district court had properly admitted as evidence that the gun had been manufactured in Spain. *Alvarez* supports the Government's proposition in this case that the inscription on the Hibachi internal hard, indicating out-of-country manufacture, is self-authenticating and also not subject to the hearsay rule. Whether *Alvarez* was overruled on other grounds does not detract from its relevance to matters at issue here, and thus Defendant presents no valid argument against the Government's reliance on that case.

Defendant also objects to the Government's reliance on *U.S. v. Brown*, 2009 WL 2090193 (S.D.Ind. 2009).  *Brown* involved a trade inscription "Product of Malaysia" on a computer hard drive.  The court conducted an analysis in "two steps": authenticity and hearsay. 2009 WL 2090193, *11.   The authenticity issue was addressed by Fed.Evid.R.902(7), but, as the *Brown* court noted, the hearsay analysis was "more involved." *Id.*   While the trade inscription might at first be considered to be an out-of-court statement" as defined in Fed.R.Evid. 801, the court concluded that the inscription merely circumstantial evidence of ownership and "did not amount to a testimonial statement of ownership" so as to be subject to hearsay objection.[1]  Defendant contends that the Court should not rely on *Brown* because in that case, the defendant did not object to the Government's motion and thus defendant was considered to have waived either authenticity or hearsay objections to admission of the inscription of origin on the hard drive.  However, this argument fails because the Court's analysis did not rest on defendant's failure to object, but to sound reasoning under the federal rules of evidence.  Thus, *Brown* supports the Government's position that the inscriptions of origin on the camera, phone and hard drive are admissible because they are self-authenticating under Rule 902, and are not considered hearsay statements under Rule 801.

The Court also notes that Defendant's objections involve only the digital camera. Defendant contends that the parties should be able to present conflicting evidence as to possible tampering with the dates of photographs by the alleged victim or her co-conspirator.  However, this has no relevance to the use of the trade inscription as place of manufacture.   Defendant is free to offer such evidence of tampering, which has nothing to do with where the camera was manufactured.  Defendant offers no legal authority or other reason why Rule 902 does not allow

---

[1] This finding is consistent with the finding in *Alvarez* that trade inscriptions were not subject to the hearsay rule.

self-authentication, or why trade inscriptions of this sort should be considered hearsay statement. Accordingly, the Government's motion is hereby GRANTED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE