IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

V.                                              Case No. 12-CR-2222 WJ

ANTONIO GUTIERREZ,

       Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT AS VOID FOR VAGUENESS AND MOTION TO STRIKE UNITED STATES' NOTICE OF REQUEST OF ANY ALIBI DEFENSE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.1**

THIS MATTER comes before the Court on Defendant Antonio Gutierrez' Motion to Dismiss Indictment as Void for Vagueness (**doc. 63**), filed June 9, 2013, and his Motion to Strike United States' Notice of Request of Any Alibi Defense Pursuant to Federal Rule of Criminal Procedure 12.1 (**doc. 64**), also filed June 9, 2013. The Court finds that neither motion is well taken and both shall be **DENIED**.

Gutierrez was indicted on three counts of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e), for allegedly taking sexually explicit photographs of his minor daughter (referred to in the pleadings as Jane Doe). Count 1 of the Indictment reads:

> On or between August 1, 2011 and November 7, 2011, in Bernalillo County, in the state of New Mexico, the defendant, **ANTONIO GUTIERREZ**, did knowingly employ, use, persuade, induce, entice, and coerce Jane Doe, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct: to wit, "File Name—Carved [0] [1960518]", using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.
>
> In violation of 18 U.S.C. §§ 2251(a) and (e).

Counts 2 and 3 of the Indictment are identical to Count 1, except that each specifies a different file name, to identify the image on which that count is based (i.e., Count 2 is based on an image found in a file identified as "Carved [25052] [952709]", and Count 3 is based on an image found in a file identified as "Carved [1007666] [1791737]").

### I.      Motion to Dismiss Indictment as Void for Vagueness

Defendant argues that the Indictment is procedurally defective because the language alleging when the offenses occurred is overly vague. He contends that because the period in question covers over 14 weeks, 99 days, or 2,352 hours, he cannot prepare to defend allegations over such a broad period. He asks the Court to dismiss the Indictment as void for vagueness, and to direct the prosecution to state with specificity the times and dates when each photograph was taken and downloaded to Defendant's computer.

The Court disagrees, and finds that the Indictment is sufficient because it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy offense." *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2001). Each count of the Indictment includes the essential elements of the offense, namely that (1) the Defendant knowingly employed, used, persuaded, enticed, and coerced Jane Doe to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; (2) Jane Doe was a minor, and (3) the visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. *See* 18 U.S.C. § 2251(a). And where, as here, "time is not an essential element of the offense, it is sufficient to charge facts which show that the offense was committed within the statutory period of limitation," which the Indictment does. *Butler v. United States*, 197 F.2d 561, 562 (10th Cir. 1952); 18 U.S.C. § 3283.

Further, Defendant has been put on fair notice of the charges against him, because each count of the Indictment includes a file name identifying the specific image underlying that count. The Government's evidence in this case, including the charged images, has been available for defense counsel's review since the Indictment was filed on September 5, 2012. That evidence includes metadata for each charged image, which provides the date and times when the images were produced. Therefore, the Government does not need to supplement the Indictment, because the information that Defendant requests is already available to him. If Defendant wants to know the specific times and dates of the offenses with which he has been charged, he need only look at the metadata for the specific images identified in the Indictment. While including the times of the pertinent images might have made the Indictment more specific, "[t]he test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (quoting *United States v. Fitzgerald*, 89 F.3d 218, 222 (5th Cir.1996)).

Accordingly, Defendant's Motion to Strike the Indictment (**doc. 63**) is **DENIED**.

II.   **Motion to Strike United States' Notice of Request of Any Alibi Defense Pursuant to Federal Rule of Criminal Procedure 12.1**

This motion raises similar issues as Defendant's Motion to Dismiss the Indictment, and merits the same result. On May 30, 2013, the Government filed a Notice of Request of Any Alibi Defense Pursuant to Federal Rule of Criminal Procedure 12.1 (doc. 54), requesting Defendant to notify the Government in writing of any intended alibi defense, including information about each specific place where Defendant claims to have been at the time of the alleged offense, and the name, address, and telephone number of each alibi witness Defendant intends to call. Defendant argues that he cannot possibly comply with this request until he has

3

been informed with specificity of the times and dates when each charged image was taken and downloaded to Defendant's computer within the broad time frame identified in the Indictment (on or between August 1, 2011 and November 7, 2011). Therefore, Defendant requests that this Court strike the Government's Notice of Request of any Alibi Defense.

However, as explained in the previous section, the Indictment together with the Government's discovery already provide Defendant with the information necessary to identify the times and dates for which an alibi defense would be merited. In a similar case, the defendants, who were accused of drug trafficking and related crimes, argued that the time frames in the indictment made preparing for trial an "impossibility," and that although the Government provided full discovery, the "volumes of discovery" made it impossible for them to clarify the dates of the offenses or identify the time frame they were "forced to defend." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). The Tenth Circuit concluded that because the Government had provided complete discovery, it had given the defendants "the tools" necessary to defend against the charges, and that it was their "responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult." *Id.* at 1282. Here, the Government has likewise provided Defendant with the tools necessary to defend his charges, and he must fashion that defense himself.

Therefore, Defendant's Motion to Strike the United States' Notice of Request of Any Alibi Defense (**doc. 64**) is **DENIED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE