IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**V.**                                                                                               Case No. 12CR2222 WJ

**ANTONIO GUTIERREZ**

    **Defendant.**

### ORDER GRANTING UNITED STATES' MOTION
### TO EXCLUDE POSSIBLE PENALTIES EVIDENCE

    **THIS MATTER** comes before the Court upon United States' Motion to Exclude Possible Penalties Evidence, filed January 3, 2014 **(Doc. No. 106)** in which the Government seeks an Order prohibiting Defendant, or his counsel, from mentioning the potential sentence faced by Defendant, including the statutory maximum sentences permitted under the charging statutes and Defendant's advisory guideline sentences.

    The Government accurately notes that the duty of imposing a sentence "rests solely" upon the Court and "is not a proper consideration for the jury." U.S. v. Greer, 620 F.2d 1383, 1384 (10th Cir. 1980).  Tenth Circuit precedent demonstrates unless a statute "specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." U.S. v. Parrish, 925 F.2d 1293, 1299 (10th Cir. 1992), abrog. on other grds. by U.S. v. Wacker, 72 F.3d 1453 910th Cir. 1995); Greer, 620 F.2d at 1384-85 (Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left "for the jury determination beyond the guilt or innocence of an accused."); see also Tenth Circuit Pattern Criminal Jury Instructions, 2011, Instruction 1.20 ("If you find the defendant guilty, it will be my

duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.").

In this case, there is no statute governing this case which requires jury participation in determining punishment. Although Defendant has not yet filed a response to the United States' Motion, a response is unnecessary given the clearly settled state of the law. Therefore, both Defendant and his counsel are prohibited from mentioning or putting forth in any manner in the jury's presence, whether at voir dire or trial, any statements regarding the potential sentence faced by Defendant, including the statutory maximum sentences permitted under the charging statutes and Defendant's advisory guideline sentences.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE