# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               No. 1:12-cr-02222-WJ-KRS-1

ANTONIO GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

THIS MATTER IS BEFORE THE COURT on Defendant Antonio Gutierrez's *pro se* Motion for Compassionate Release. Doc. 204. The Court, having reviewed Defendant's brief and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

In July of 2014, Defendant was found guilty of production of a visual depiction of a minor engaged in sexually explicit conduct and was sentenced to 360 months imprisonment. Doc. 166 at 1-2. Defendant, 50 years old, cites his sexually transmitted virus and immunodeficiency stemming therefrom, spinal stenosis, sciatica, herniated vertebral disks, neuropathy, arthritis, anxiety, Post-Traumatic Stress Disorder, depression, and general health deterioration and necessary surgeries resulting from his age, as well as the relation of these health conditions with the ongoing COVID-19 pandemic as grounds for his request. Doc. 204 at 1-2. He asks for both compassionate release and home confinement with his disabled parents. *Id.* at 4.

## DISCUSSION

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type of compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.*

However, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[1] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have passed since receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.

Here, Defendant has not provided any evidence, or indeed, even pleaded, that he has exhausted his administrative remedies. Even construed liberally, as *pro se* pleadings must be, there

---

[1] Courts appear split as to whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020). However, even assuming the requirement is a claims-processing rule, the Court would nonetheless deny Defendant's Motion on the grounds that (1) he has not shown that the warden of his facility allowed his request to lapse after thirty days, (2) he has not shown that he has appealed a denial of a compassionate release request with the Federal Bureau of Prisons (defined hereafter) and (3) his motion contemplates only home confinement, which the Court does not have the authority to grant as explained herein.

is nothing on the record before this Court that would empower it to consider Defendant's request. The language of § 3582(c)(A)(1) plainly requires that a defendant exhaust his administrative remedies before seeking relief in the district court, and as noted by the Tenth Circuit in a recent unpublished opinion, those remedies are initiated by filing a compassionate release request with the warden. *See United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020). While it appears Defendant initiated his release request with the warden of his facility, the Court has been offered nothing by way of evidence that Defendant was ignored or that he has otherwise exhausted his administrative remedies. Thus, Defendant cannot file for relief with the Court, *See, e.g., United States v. Blevins*, 2020 WL 3260098, *3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted)), and the Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)). Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release. Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

Furthermore, Defendant's proposed release plan contemplates only home confinement, and this Court has no authority to order the Federal Bureau of Prisons ("BOP") to release Defendant to this type of custody. It is well-settled law that a prisoner has no constitutional right to

confinement in a particular place, including confinement at home. *See McKune v. Lile*, 536 U.S. 24, 39 (2002). BOP retains complete discretion in determining where federal prisoners are housed. *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (*citing Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir. Dec. 10, 1992) (unpublished)).

Here, Defendant does not cite any particular statutory basis for release to home confinement; however, the Court construes his request under 18 U.S.C. § 3624(c)(2), which authorizes BOP to place certain prisoners in home confinement. The unambiguous language of § 3624(c)(2), however, as modified by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), specifies that only BOP is statutorily authorized to release prisoners to home confinement. *See United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020). Defendant's request would alter only the location of his incarceration, not its term. Accordingly, because the Court lacks authority to designate the place of a prisoner's incarceration, the Court must deny Defendant's request for release to home confinement.

## CONCLUSION

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population, and notes that Defendant initiated the compassionate release protocol by correctly directing his motion first to the warden of his facility. *See* Doc. 204. However, for this Court to review the merits of Defendant's compassionate release request, he must submit evidence that he requested consideration for compassionate release from the warden of his facility and (1) that such request was not acted upon by the warden for thirty days or (2) that such request was denied within thirty days and that Defendant appropriately

appealed such denial with BOP, thus exhausting his administrative remedies, before seeking

judicial relief. For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc.

204) is **DENIED**.

      **IT IS SO ORDERED.**

 

                                   WILLIAM P. JOHNSON
                                   CHIEF UNITED STATES DISTRICT JUDGE