IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GUTIERREZ,

    Movant,

vs.                                      No. CV 21-00757 WJ/KBM
                                         No. CR 12-02222 WJ

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Movant Antonio Gutierrez's Motion to Modify the Terms of Imprisonment Pursuant to 18 U.S.C. § 3582 C, 1, B, and 28 U.S.C. § 2243 (CV Doc. 1; CR Doc. 231) (Motion). Gutierrez asks the Court to reduce his federal sentence for producing child pornography, arguing dementia may have impacted his behavior. The Court construes the Motion as an unauthorized successive 28 U.S.C. § 2255 habeas petition and will dismiss the matter for lack of jurisdiction.

**BACKGROUND**

In 2011, Gutierrez purchased a cellular phone for his sixteen-year-old daughter in a scheme to obtain nude photographs. He purportedly told her the "first month was free" and then coerced her to provide nude photographs to "pay for the bill." (CR Doc. 1 at 5-6). Police raided Gutierrez's residence in 2011 or 2012 and found the photographs on his laptop computer, digital camera, and cellular phone. Gutierrez was charged with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256.

Gutierrez proceeded to trial, where a jury convicted him of all charges. The Court sentenced him to 360 months in prison. Gutierrez filed a direct appeal, and the Tenth Circuit affirmed by a

1

mandate entered October 6, 2015. The record reflects Gutierrez did not appeal further. The criminal judgment therefore became final no later than January 5, 2016, following expiration of the ninety-day period for seeking federal certiorari review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition ... has passed").

Gutierrez filed his first § 2255 motion on November 25, 2019. He alleged, inter alia, that he is innocent of the crimes due to hydrocodone use and a brain disease caused by the herpes simplex virus. The Court dismissed the first § 2255 motion as untimely on July 9, 2020. (CR Docs. 202, 203). Gutierrez appealed, and the Tenth Circuit affirmed on January 11, 2021. *See U.S. v. Gutierrez,* 833 Fed. App'x 221, 222 (10th Cir. 2021). Gutierrez then filed multiple motions for compassionate release and to reduce sentence under the First Step Act. (CR Doc. 204, 208, 209). The Court denied the motions for compassionate release and to reduce sentence. (CR Doc. 207, 216).

Gutierrez filed his second § 2255 Motion on April 7, 2021. (CR Doc. 225). He ostensibly sought relief under 18 U.S.C. § 3582(c)(1)(B) (sentence modifications based on statute or Fed. R. Crim. P. 35). However, the body of the Motion sought a sentence modification based on "new character evidence" that negates any sentence enhancements. Gutierrez again argued he "might ... not have done the crime due to episodes of dementia/delirium" caused by herpes medication and hydrocodone. (CR Doc. 225 at 3). He also contended the Presentence Investigation Report (PSR) inaccurately suggests he had sexual contact with the victim. The United States filed a response on May 18, 2021 (CR Doc. 224), which sought dismissal of the Motion as an unauthorized successive

habeas petition. The Court dismissed the Motion as an unauthorized successive §2255 Motion on June 21, 2021. (CR Doc. 227, 228).

Gutierrez filed his current Motion to Modify the Term of Imprisonment Pursuant to 18 U.S.C. 3582 C, 1, B and 28 U.S.C. § 2243 on July 16, 2021. (CR Doc. 231). A new civil habeas corpus case was opened on August 12, 2021. (CV Doc. 1). Although worded slightly differently, his current Motion seeks essentially the same relief on identical grounds to those raised in his April 7, 2021 Motion. (CR Doc. 225, 231).

**DISCUSSION**

A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his ... sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006). Arguments regarding diminished capacity and PSR errors necessarily attack the validity of the conviction and sentence. Accordingly, the Court construes the Motion as a successive § 2255 habeas filing.

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits

3

of a second or successive § 2255 ... claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a successive § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so ..., or it may dismiss the motion ... for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

[W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

As with his second § 2255 Motion, Gutierrez relies on a rule of law announced in *U.S. v. Restrepo,* 205 Fed. App'x 811 (11th Cir. 2006). (CV Doc. 1 at 1; CR Doc. 231 at 1). *Restrepo* affirmed the denial of a motion to reduce sentence under § 3582 and has no bearing on this case. Gutierrez also points to the PSR, which is not new, and his remaining "character evidence" just rehashes his original habeas argument "that he lacked the requisite *mens rea* to commit the crimes due to diminished capacity from opiate use" and herpes medication. *U.S. v. Gutierrez*, 833 Fed. App'x 221, 222 (10th Cir. 2021) (summarizing Gutierrez's first § 2255 arguments); CV Doc. 1 at 2-3; CR Doc. 231 at 2-3. A transfer would be futile because the Tenth Circuit has already determined the one-year limitation period has expired. *Id.* Finally, the Court is not convinced Gutierrez filed the Motion in good faith, considering recent rulings and his attempt to, again, characterize the Motion under an inapplicable statute.

For these reasons, the Court finds a transfer is not in the interest of justice. The Court will dismiss the Motion for lack of jurisdiction and deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment ... debatable or wrong").

**IT IS ORDERED** that Antonio Gutierrez's Motion to Modify the Terms of Imprisonment Pursuant to 18 U.S.C. § 3582 C, 1, B, and 28 U.S.C. § 2243 (**CV Doc. 1; CR Doc. 231**), which is construed as a successive 28 U.S.C. § 2255 filing, is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE