IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GUTIERREZ,

    Petitioner,

v.                                                     Civ. No. 21-cv-1174 WJ-GBW
                                                      CR No. 12-cr-2222 WJ

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Antonio Gutierrez's Motion Vacate Sentence (CR Doc. 238; CV Doc. 1) (Fourth Motion). Gutierrez asks the Court to reduce his federal sentence for producing child pornography based on ineffective assistance of counsel and prosecutorial misconduct. The Court construes the Fourth Motion as an unauthorized successive 28 U.S.C. § 2255 habeas petition and will dismiss the matter for lack of jurisdiction.

## BACKGROUND

In 2011, Gutierrez purchased a cellular phone for his sixteen-year-old daughter in a scheme to obtain nude photographs. He purportedly told her the "first month was free" and then coerced her to provide nude photographs to "pay for the bill." *See* CR Doc. 1 at 5-6. Police raided Gutierrez's residence in 2011 or 2012 and found the photographs on his laptop computer, digital camera, and cellular phone. Gutierrez was charged with three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256.

Gutierrez proceeded to trial, where a jury convicted him of all charges. The Court sentenced him to 360 months in prison. Gutierrez filed a direct appeal, and the Tenth Circuit

affirmed by a ruling entered September 14, 2015.[1] The record reflects Gutierrez did not pursue further direct appeals. The criminal judgment therefore became final, at the latest, on December 15, 2015, the first business day following expiration of the period for seeking certiorari review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

Gutierrez filed his first § 2255 motion on November 25, 2019. He alleged, inter alia, that he is innocent of the crimes due to hydrocodone use and a brain disease caused by the herpes simplex virus. The Court dismissed the first § 2255 motion because it was not filed within the one-year habeas limitation period. *See* CR Docs. 202, 203. Gutierrez appealed, and the Tenth Circuit affirmed on January 11, 2021. *See U.S. v. Gutierrez,* 833 Fed. App'x 221, 222 (10th Cir. 2021). Gutierrez filed various motions for compassionate release and sentence reductions, which were also denied. *See* CR Docs. 207, 216.

Gutierrez filed a second habeas motion on April 7, 2021. The motion ostensibly sought relief under 18 U.S.C. § 3582(c)(1)(B) (sentence modifications based on statute or Fed. R. Crim. P. 35). However, the body of the motion requested a sentence modification based on "new character evidence" that negates any sentence enhancements. *See* CR Doc. 225. Gutierrez again argued he "might … not have done the crime due to episodes of dementia/delirium" caused by herpes medication and hydrocodone. *Id.* at 3. He also argued the Presentence Investigation

---

[1] The mandate was issued October 6, 2015, but the date of the Tenth Circuit ruling (September 14, 2015) controls. *See United States v. Gutierrez*, 833 Fed. App'x 221 (10th Cir. 2021) ("For purposes of determining when the statutory period for filing a § 2255 motion commenced, [Gutierrez's] conviction became final when the order and judgment issued, not when the mandate did.").

Report (PSR) inaccurately suggests he had sexual contact with the victim. The United States moved to dismiss the motion as an unauthorized successive § 2255 petition, and the Court granted that request. *See* CR Doc. 227.

Gutierrez filed another motion on July 16, 2021, which again challenged his sentence based on diminished capacity from opiate use and herpes medication. *See* CR Doc. 231. The motion was styled as a Motion to Reduce Sentence under 18 U.S.C. § 3582 and 28 U.S.C. § 2243. However, the Court construed it as an unauthorized third § 2255 motion and dismissed for lack of jurisdiction.

Gutierrez filed the instant Fourth Motion on December 8, 2021. *See* CR Doc. 238. He asks the Court to vacate or reduce his sentence based on ineffective assistance of counsel and prosecutorial misconduct. The Fourth Motion cites 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255. Gutierrez also filed a Motion to Appoint Counsel. *See* CV Doc. 2. The Court will address each filing below.

**DISCUSSION**

**A. The Court Declines to Appoint Counsel**

There is no constitutional right to counsel in post-conviction proceedings. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). The Court may appoint counsel for a financially eligible person "seeking relief under section 2241, 2254, or 2255 of title 28," if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Such appointments are rare. "Criminal Justice Act funds are not generally available for appointment of counsel for habeas petitioners in noncapital cases," and "most [habeas] petitioners" must proceed *pro se*. *See also Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1084 (11th Cir. 2014)   *See also* Administrative Order entered June 16,

3

2020, Doc. 24 in 20-mc-0004 (Counsel is typically only appointed in federal habeas cases "where Congress, the Supreme Court, or the Sentencing Commission explicitly move to correct some error of law on a retroactive basis.").

The interests of justice do not require an appointment in this case. As discussed below, this is Gutierrez's fourth § 2255 proceeding, and Tenth Circuit has already determined any habeas claims are barred. The fact that Gutierrez shifted to more cogent arguments – likely with help from a ghost-writer – does not change the procedural posture of this case.[2] The Court will therefore deny the Motion to Appoint Counsel (CV Doc. 2).

**B.   The Fourth Motion Will be Construed as a Successive § 2255 Matter**

A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his … sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006).

---

[2] The Court suspects the Fourth Motion was drafted by a ghost-attorney because: (1) it raises entirely new legal theories supported by case citations and properly notarized witness statements; (2) it cites a relevant unpublished Tenth Circuit order; and (3) the motion to appoint counsel cites 18 U.S.C. § 3006A, which almost never appears in pro se pleadings. The Federal Public Defender (FPD) has also openly enlisted ghost-writers in recent post-conviction cases. *See, e.g., Yepa v. U.S.,* 20-cv-1092 WJ-KBM.

It is more efficient here to dismiss the case than investigate the issue. However, if the motion was ghost-written, such conduct undermines the FPD's goal to obtain more autonomy with respect to post-conviction appointments. This is not a case involving a good-faith petitioner who would benefit from a fresh look by counsel. Gutierrez is a frequent habeas filer, and the docket clearly reflects that the Court lacks both the jurisdiction and inclination to grant relief.

The Fourth Motion is styled as a habeas claim under 28 U.S.C. § 2241. Section 2241 "is a vehicle for challenging pretrial detention … or for attacking the execution of a sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). The Fourth Motion does neither. It raises claims for ineffective assistance of counsel and prosecutorial misconduct, which necessarily attack the validity of the conviction and sentence. *See Lee v. Oliver,* 574 Fed. App'x 846 (10th Cir. 2014) (noting claims for "prosecutorial misconduct[] and ineffective assistance of counsel … all challeng[e] the validity of [petitioner's] conviction and sentence" and refusing to construe those claims under § 2241). Where, as here, the petitioner challenges the validity of his federal sentence via § 2241, he must show the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). The dispositive "question is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Lee*, 574 Fed. App'x at 847 (quoting *Prost*, 636 F.3d at 584). The "mere fact [that he] is precluded from filing a second § 2255 petition does not" qualify as one of the "extremely limited circumstances" where he can obtain relief under § 2241. *Id.* (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999)).

Gutierrez does not address the distinction between § 2241 and § 2255. He merely cites § 2241 at the top of the Fourth Motion and in the Motion to Appoint Counsel. Based on the sophisticated nature of the Fourth Motion, the Court discerns Gutierrez probably did not have legal assistance in his prior cases. If true, this does not show § 2255 provides an inadequate remedy. Gutierrez could have raised arguments regarding ineffective assistance and prosecutorial misconduct in his first § 2255 motion; he instead elected to pursue a diminished capacity theory. Accordingly, the Fourth Motion does not demonstrate § 2241 should be applied in this case. The

Court will construe the Fourth Motion as a successive § 2255 habeas claim.

### C. The Fourth Motion Will be Dismissed

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

When the defendant files a successive § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Considering these factors, a transfer is not in the interest of justice. This Court already found the habeas limitation period has expired as to Gutierrez's conviction and sentence, and the Tenth Circuit agreed. *See U.S. v. Gutierrez*, 833 Fed. App'x 221, 222 (10th Cir. 2021). The Fourth Motion also appears to lack merit under the rules governing successive habeas claims. It

does not rely on a new rule of constitutional law, decided within a year of filing, that is retroactively applicable on collateral review. Gutierrez fails to provide newly discovered evidence. He simply challenges the Government's evidence at trial, arguing the prosecutor proffered false testimony and damaged, destroyed, or tampered with the relevant electronic devices. *See* CR Doc. 238. The Court also notes that Gutierrez has filed at least eight post-conviction motions within the past two years. The Court has explained the rules governing second or successive habeas claims numerous times. Gutierrez is therefore not acting in good faith.

The Court will dismiss the Fourth Motion for lack of jurisdiction and deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). If Gutierrez continues to file motions challenging his conviction or sentence, the Court may consider filing restrictions.

**IT IS ORDERED** that Gutierrez's Motion to Appoint Counsel (**CV Doc. 2**) is **DENIED**.

**IT IS FURTHER ORDERED** Antonio Gutierrez's Motion to Vacate Sentence (**CR Doc. 238; CV Doc. 1**), which is construed as a successive 28 U.S.C. § 2255 filing, is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

**SO ORDERED.**

/s/ William P. Johnson
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE