IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. 1:12-CR-2222-WJ

ANTONIO GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S MOTION FOR AMENDED RESTITUTION

**THIS MATTER** comes before the Court upon Defendant Gutierrez's *pro se*[1] Motion "request[ing] amendment to the Order of Restitution," filed March 18, 2024 (**Doc. 242**). The Government filed a Response in Opposition (**Doc. 244**). The Court construes Defendant's motion as a petition under 28 U.S.C. § 2241 challenging the execution of his sentence. For the reasons stated below, the Defendant's Motion is **DISMISSED without prejudice**.

### BACKGROUND

On October 23, 2012, Mr. Gutierrez was charged in a three-Count Superseding Indictment (**Doc. 25**) alleging violations of 18 U.S.C. §§ 2251(a) and 2256. The case went to jury trial on January 21, 2014, and the jury returned guilty verdicts on all Counts (**Doc. 146**). On August 28, 2014, Mr. Gutierrez was sentenced to 360 months in prison (**Doc. 166**). And pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, the Court also ordered Mr. Gutierrez to

---

[1] The Court liberally construes Defendant's *pro se* pleading but does not make arguments for or otherwise advocate on his behalf. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005)).

pay restitution in the amount of $14,060.00. *Id.* **at 6**. The Court-ordered mandatory restitution[2] payments were to be scheduled as "at least 20% of his gross monthly income." *Id.*

Later, Defendant's convictions and sentence were affirmed by the Tenth Circuit (**Doc. 197**). *See United States v. Gutierrez*, 625 F. App'x 888 (10th Cir. 2015) (unpublished). And in the years since his appeal, Mr. Gutierrez has filed: (1) a motion to vacate under 28 U.S.C. § 2255 (**Doc. 199**); (2) a motion for compassionate release (**Doc. 204**); (3) a motion for reconsideration of his first § 2255 motion (**Doc. 205**); (4) a second motion for compassionate release (**Doc. 208**); (5) an amended motion for compassionate release under the First Step Act (**Doc. 209**); (6) a second motion to vacate under 28 U.S.C. § 2255 (**Doc. 225**); (7) a third motion to vacate under 28 U.S.C. § 2255 (**Doc. 231**); and (8) a fourth motion to vacate under 28 U.S.C. § 2255 (**Doc. 238**).

Mr. Gutierrez now comes before the Court having filed a motion seeking an amended order of restitution (**Doc. 242**). But he is currently incarcerated at Big Spring FCI in Texas (**Doc. 242 at 25; Doc. 244 at 6**). As such, the Court lacks jurisdiction under 28 U.S.C. § 2241 because he is confined outside the District of New Mexico. His motion must be dismissed.

## DISCUSSION

Defendant brings this motion as part of his closed criminal action. As the movant, he bears the burden to establish that the Court has jurisdiction to hear the case. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220–21 (10th Cir. 2018).

Although phrased as a request for "modification to the schedule of payments and the amount of each monthly payment," **Doc. 242 at 2**, Defendant actually seeks review of the BOP's execution of his sentence. *See O'Banion v. Matevousian*, 835 F. App'x 347, 349 (10th Cir. 2020)

---

[2] While incarcerated, Mr. Gutierrez enrolled in the Inmate Financial Responsibility Program ("IFRP"). **Doc. 244 at 3**. Therefore, his restitution payments are administered by the Bureau of Prisons ("BOP").

(unpublished) (affirming dismissal of *pro se* petition, under 28 U.S.C. § 2241, challenging the "execution of his court-ordered restitution under the IFRP process"). Although Mr. Gutierrez proclaims he "is not challenging the execution of his sentence," the Court construes his pleading as a such a challenge under § 2241 (**Doc. 242 at 4**). Simply declaring a thing does not make it so.

Sometimes federal courts must "ignore the label that a *pro se* litigant attaches to a motion." *Castro v. United States*, 540 U.S. 375, 381–82 (2003). In this case, the Court does just that—construing Defendant's motion as a petition under 28 U.S.C. § 2241 challenging the execution of his sentence. *See Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010). Plus, the Tenth Circuit has explained numerous times that a *pro se* motion requesting a modification to the Court's restitution order is actually an "attack" on the "execution of his sentence with regard to the restitution payments." *United States v. Bowen*, 225 F. App'x 765, 767 n.2 (10th Cir. 2007) (unpublished); *see also Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (explaining challenges to restitution payments go to "the execution of" the sentence and fall under § 2241).

For these reasons, the Court concludes that it lacks jurisdiction to entertain Defendant's motion. Defendant is currently housed outside[3] of the District of New Mexico. And, as the Government correctly points out, Defendant must seek judicial review of his claim in the district of his confinement (**Doc. 244 at 6–7**). *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined."); *Bradshaw v. Story*, 86 F.3d 164, 166

---

[3] The return address on the envelope containing Defendant's pleading and the BOP's inmate locator show that Mr. Gutierrez is housed at FCI Big Spring, Texas. As such, he is not confined in the District of New Mexico.

(10th Cir. 1996) (citing cases). Because the pleading involves the execution of his sentence outside the district, the Court lacks jurisdiction and must dismiss. *See Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011).

Nevertheless, a district court may, *sua sponte*, consider dismissal or transfer when jurisdictional defects are clear on the face of the pleading. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). When making this determination, the district court evaluates "whether the claims alleged are likely to have merit." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). But curing the jurisdictional defects here through transfer would "wast[e] judicial resources." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). The merits of this case are "clearly doomed." *Id.*

First of all, "every court to consider a challenge to the IFRP's constitutionality has upheld it." *Dade v. Sanders*, 510 F. App'x 714, 718 (10th Cir. 2013) (unpublished). Second, Mr. Gutierrez's contention that the Court has jurisdiction to amend his restitution order under 18 U.S.C. §§ 3572(d)(2) and 3664(k) is incorrect (**Doc. 242 at 1**). A motion for modification of restitution requires a material change in economic circumstances. *See United States v. Shaw*, 508 F. App'x 769, 772 (10th Cir. 2013). Nowhere in the pleading does Mr. Gutierrez discuss any "material change" in economic circumstances that make him unable to pay of "20% of his gross monthly income." **Doc. 166 at 6**; 18 U.S.C. § 3664(k). Rather, it appears that Mr. Gutierrez wants the Court to enjoin the BOP from collecting funds under the "Red Tape of the IFRP"[4] (**Doc. 242 at 5–6**).

Finally, in arriving at this conclusion, the Court also notes that Mr. Gutierrez did not exhaust the available administrative remedies, as required (**Doc. 244 at 7**). *Garza v. Davis*, 596

---

[4] If this is an attack on the execution of the sentence—by way of requesting lessened restitution—then the motion fails for a lack of material change to Mr. Gutierrez's economic circumstances. If, however, this motion seeks to attack an allegedly improper delegation issue with the IFRP, **Doc. 242 at 2**, then the challenge must be brought under § 2255—and cannot be properly under § 2241. *Wallette v. Wilner*, 321 F. App'x 735, 737–38 (10th Cir. 2009) (unpublished). Either way, the merits are "doomed."

4

F.3d 1198, 1203 (10th Cir. 2010); *cf.* 28 C.F.R. § 545.10–545.11; 18 U.S.C. § 4042(a)(7)(B). In fact, he even admits that he has not exhausted his administrative remedies (**Doc. 242 at 4**). A lack of exhaustion further supports the Court's decision not to transfer the case to the appropriate federal district.

## CONCLUSION

The Court will dismiss the Defendant's petition under Habeas Corpus Rule 4 and deny a certificate of appealability under Habeas Corpus Rule 11—as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finally notes that Mr. Gutierrez has filed approximately ten post-judgment letters and motions in the past four years (**Docs. 199, 204, 205, 208, 209, 214, 217, 219, 225, 231, 238, 242**). If he continues to raise the same arguments regarding an early release, defects in his conviction, or the execution of his sentence, the Court may consider filing restrictions.

**IT IS THEREFORE ORDERED** that Defendant's Motion (**Doc. 242**) is **DISMISSED without prejudice** for lack of jurisdiction and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that a separate judgment will be entered.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE